### L. D. ALLEN, JR. VS. JACKSON GOINS. MRS. WATTS, INTERVENOR.

This case presents a conflict between plaintiff, the furnisher of supplies, and intervenor, the lessor, over the proceeds of defendant's crop, which was sequestered in this suit. The District Judge decided that the privilege of the furnisher of supplies on the crop is concurrent with that of the lessor, and Judge Gunby concurs with the District Judge on this point, holding that the lessor's right of pledge can only be exercised by holding possession of the property, and that his privilege alone can be asserted against the proceeds of the thing when sold under legal process. 6 R. 35; 31 An. 870; 21 An. 489; C. C. 3217, 3220.

Judge Mayo holds that the lessor's right of pledge cannot be divested by seizure of the property and that his right to be paid out of the proceeds of the crop is superior to the privilege of the furnisher of supplies, referring to Act 66 of 1874, C. C. 2705, 3218.

---

### ORR & LINDSEY VS. WM. HAMILTON.

GUNBY, J. To sustain an attachment which has been rebutted by defendant, plaintiff must prove facts that show a fraudulent intent on the debtor's part. 32 An. 340.

2. The disposal of property before plaintiff's debt was contracted, even though it was irregular, furnishes no ground for attachment, nor will the imperfect keeping of defendant's books, or his repeated and evidently insincere promises to pay when he was unable to do so, furnish grounds to attach. Debtors who are insolvent should candidly confess it and invoke the remedies provided by law for their relief, but where it clearly appears that defendant's uncandid promises were prompted by fear and not by fraud, the attachment will be dissolved.

3. Paragraphs 4 and 5 of C. P. 240, are directed against the unfair disposal of the property of the debtor, not the payment of honest debts with money, although the debtor have not enough means to pay all his debts. Insolvency proceedings, and not attachments, furnish the creditor with the proper remedy for such a case.